UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-293 CAS (MANx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | LUCILLE MONCADA v. FIRST STUDENT, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE REGARDING WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

**I.   INTRODUCTION & BACKGROUND**

On November 28, 2011, plaintiff Lucille Moncada filed the instant action in San Bernardino County Superior Court against First Student, Inc.; Laidlaw Transit, Inc.; and Does 1–50, alleging: (1) disability discrimination in violation of Cal. Gov. Code § 12940(a); (2) failure to accommodate in violation of Cal. Gov. Code § 12940(m); (3) failure to engage in the interactive process in violation of Cal. Gov. Code § 12940(n); (4) retaliation in violation of the Fair Employment & Housing Act in violation of Cal. Gov. Code § 12940(h); (5) failure to prevent, investigate and/or remedy unlawful harassment, discrimination and retaliation in violation of Cal. Gov. Code §§ 12940(j), (k); (6) defamation; and (7) wrongful termination in violation of public policy.  The gravamen of plaintiff's complaint is that defendants terminated her on December 4, 2009, due to her work-related injuries, despite the fact that she could perform her essential job functions. See Compl. ¶¶ 8–16.  The complaint is silent as to the amount-in-controversy.

Defendants filed a notice of removal on February 2, 2012, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Defendants assert that jurisdiction is proper because complete diversity of citizenship exists and because plaintiff's recovery of lost wages and benefits will exceed $75,000.  Notice of Removal ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-293 CAS (MANx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | LUCILLE MONCADA v. FIRST STUDENT, INC., ET AL. | | |

**II.    LEGAL STANDARD**

      Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction.  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  Removal founded on diversity requires that the parties be in complete diversity and that the amount-in-controversy exceed $75,000.  See Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold" required for subject matter jurisdiction.[1]  Id.  Conclusory allegations are insufficient.  Id. at 1091.

---

[1] The 9th Circuit's requirement—that a removing party prove the amount in controversy by a preponderance of the evidence when the complaint is silent as to the amount sought—appears to have been recently reaffirmed by Congress.  Revised 28 U.S.C. § 1446(c), which came into effect January 6, 2012, now provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that–
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks–
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

The revised law thus requires defendants to prove the amount-in-controversy by a preponderance of the evidence in situations where a plaintiff's demanded amount is uncertain and is in accordance with Ninth Circuit law.  See Matheson, 319 F.3d at 1090.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-293 CAS (MANx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | LUCILLE MONCADA v. FIRST STUDENT, INC., ET AL. | | |

### III. DISCUSSION

Plaintiff does not specify the amount of damages she seeks to recover; instead, the complaint requests general, special, loss of earnings, and punitive damages and attorneys fees and legal costs. Prayer for Relief ¶¶ 1–7.

Defendants assert that if plaintiff prevails, she will recover for at least seventy-one months of lost wages: twenty-six months to the present, nine months from now until trial, and three years after trial. Notice of Removal ¶ 20. At plaintiff's hourly wage of $15.55 an hour plus benefits, defendants calculate this award to be at least $188,600. Id.

The Court is unpersuaded that defendants have carried their burden of proving by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. See Matheson, 319 F.3d at 1090. Although defendants provide evidence that it is possible that plaintiff's claims could exceed $75,000, defendants fail to demonstrate, using non-speculative evidence, that it is more likely than not that damages will exceed $75,000 if it is found liable for the asserted claims. Gaus, 980 F.2d at 567.

### IV. CONCLUSION

Based on the foregoing, defendants are hereby ORDERED to SHOW CAUSE on or before March 29, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |